MARSH *v.* SEEBERGER, Collector, etc.

(*Circuit Court, N. D. Illinois.* March 14, 1887.)

1. CUSTOMS DUTIES—TRIMMINGS FOR BONNETS, ETC.—ARTIFICIAL FRUITS.
  Artificial fruits, with artificial stems and leaves, used only for trimming and ornamenting ladies' hats and bonnets, are "trimmings for hats, bonnets, and hoods," within clause 448 of Heyel's Index of the New Tariff, and subject to duty at 20 per cent. *ad valorem.*
2. SAME—CRITERION—MATERIAL—USE.
  Clause 448 of Heyel's Index of the New Tariff does not require that trimmings for hats, in order to be strictly dutiable at 20 per cent. *ad valorem,* shall be composed of any particular material. It is the use for which they are intended, and to which they are applied, that furnishes the criterion by which the duty is to be assessed.

At Law. Action to recover excess of duties paid under protest.
*P. L. Shuman,* for plaintiff.
*W. G. Ewing,* U. S. Atty., for defendant.

BLODGETT, J. Plaintiff imported an invoice of artificial fruits, most, if not all of which, had artificial stems and leaves. A duty of 50 per cent. *ad valorem* was assessed against them under clause 429, Heyel's Index of the New Tariff, and the assimilating clauses of section 2499. Clause 429, so far as applicable to this case, is as follows:

"Feathers, * * * when dressed, colored, or manufactured, including dressed and finished birds, for millinery ornaments, and artificial and ornamental feathers and flowers, or parts thereof, of whatever material composed, for millinery use, not specially enumerated or provided for in this act, fifty (50) per centum *ad valorem.*"

The assimilating clause in section 2499 is as follows:

"There shall be levied, collected, and paid on each and every unenumerated article which bears a similitude either in material, quality, texture, or the use to which it may be applied to any article enumerated in this title as chargeable with duty, the same rate of duty that is levied and charged on the enumerated articles which it most resembles in any of the particulars above mentioned; and, if any unenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied, collected, and paid on such unenumerated articles the same rate of duty as is chargeable on the article which it resembles paying the highest duty."

The importer claimed that the goods in question should have been classed as "material for ornamenting hats, bonnets, and hoods," and charged with 20 per cent. *ad valorem*, under clause 448 of Heyel. The duties charged were paid under protest, an appeal taken to the secretary of the treasury, by whom the action of the collector was affirmed, and this suit brought in apt time to recover the excess of duties so paid under protest.

The only question in the case is whether there is a specific duty chargeable upon these goods, or whether they were properly classed as "millinery ornaments," under clause 429. The proof in the case shows that the goods in question are only used for trimming or ornamenting ladies' hats and bonnets, and are kept and dealt in as hat and bonnet trimmings and ornaments. The appraiser seems to have been of the opinion that, as these goods are similar in their use to millinery ornaments, they should be classed and charged a duty as such, but I am very clear they come within the description of "trimmings or ornaments for hats, bonnets, and hoods," and are specifically within the description of clause 448, which reads as follows:

"Hats, and so forth, materials for,—braids, plaits, flats, laces, *trimmings,* tissues, willow sheets and squares, used *for making or ornamenting hats, bonnets, and hoods,* composed of straw, chip, grass, palm-leaf, willow, hair, whale-bone, *or any other substance or material,* not specially enumerated or provided for in this act,—twenty (20) per centum *ad valorem.*"

These goods seem to be manufactured and adapted solely for the ornamentation or trimming of some article of apparel, and the proof shows that they are only used for hat and bonnet trimmings; that they are kept with the hat and bonnet trimmings, and sold and dealt in as such; and I am therefore of opinion that they should have been classed for duty under clause 448, and duty assessed upon them at 20 per cent. *ad valorem*. Clause 448 does not require that trimmings for hats, in order to be strictly dutiable at 20 per cent. *ad valorem*, shall be composed of any particular material. The use for which they are intended, and to which they are applied, seems to be the criterion by which the duty is to be

assessed; and where an article like this, by the uses to which it is adapted, and for which it is dealt in, comes within the scope of this clause, it seems to me the specific duty only should be assessed, and resort need not be had to the assimilating clauses for the purpose of analogous classification.

The issue is found for the plaintiff, and judgment may be entered for the amount of the excess of duties paid.